## RIGHTS OF MORTGAGEE UNDER FIRE INSURANCE POLICY.

[Circuit Court of Allen County.]

FIREMENS' INSURANCE CO. v. CATHERINE E. BOLAND AND CLARA E. AGNER. *

Decided, 1904.

*Insurance—Mortgagor not the Agent of Mortgagee in Procuring—Fraud of Mortgagor in Procuring—Not a Defense Against Claim of Mortgagee, When.*

1. A mortgagor is not in any sense the agent of the mortgagee in procuring insurance on the mortgaged premises for the benefit of the mortgagee as his interest may appear and in accordance with an agreement so to do.

2. Where the mortgagee is not a party to the procuring of the insurance contract, and had no knowledge of fraud in the procuring of the insurance, an allegation of fraudulent representations and concealments on the part of the mortgagor in the procuring of the insurance does not constitute a defense to the claim of the mortgagee under the policy.

NORRIS, J.; MOONEY, J., and DAY, J., concur.

The defendant in error, Clara E. Agner, brought this action in the court of common pleas against the Firemens' Insurance Company to recover on a policy of insurance for loss by fire, which loss she claims was covered by said insurance. To this action Catherine Boland was made a party defendant. She filed her amended answer and cross-petition in which she asserts with other averments that at the time the policy was issued which secured the loss from thence on, and at the time the property was destroyed by fire, she held a mortgage on the property, and the policy provided that the loss be paid to her as her mortgage interest may at the time of the loss appear, and that it was further stipulated by said policy that the insurance of her said mortgage interest as mortgagee in the property in-

* Affirming *Agner* v. *Firemen's Insurance Co. et al*, 2 N. P.—N. S., 254; affirmed by the Supreme Court, without report, 73 O. S., —.

suer should not be off-set or invalidated by any act or omission of the mortgagor to whom the policy was issued.

The answer of the defendant company to this pleading of Catherine Boland is by its first defense a denial. By its second defense it asserts that it is stipulated in the policy that the policy should be void if the assured had at its issuance or afterwards in the life of the policy procured other insurance upon the same property, that by specific provision of the policy the same issued subject to the foregoing prohibition which could not be and was not waived by any officer, agent or representative of defendant company; that the policy further provided that if with consent of the company an interest under the policy shall exist in favor of a mortgagee the aforesaid provision shall apply in manner expressed in such conditions as shall be written upon, attached or appended to the policy.

The defendant says that this Catherine Boland, prior to the 25th of July, 1900, was the owner of the property described in the policy, and on that date conveyed the same by deed to Clara E. Agner, and that while Catherine Boland was the owner she procured and there was issued to her by the Washington Insurance Company of Cincinnati, O., an insurance policy on said property insuring the same against loss, etc., by fire in the sum of $1,500, and when she sold and conveyed the property to Clara E. Agner she duly assigned and transferred said policy to Clara E. Agner. The policy was issued on the first of October, 1889, insured the property for three years from that date, and so continued for said time in force, which period covered the date of the fire. This policy in said Washington Insurance Company when it was assigned was made payable to Catherine Boland, mortgagee, as her interest may appear; that defendant's policy here in suit was issued January 17, 1901, and while the Washington Insurance policy was in force. The mortgage clause in this defendant's policy was thus made at the request of both Clara E. Agner and Catherine Boland. Defendant says that when it issued its policy neither the defendant nor any of its agents had knowledge or notice of the existence of the policy of the Washington company; that Clara E. Agner and Catherine Boland and each of them failed to inform defendant of said

insurance in the Washington Insurance Company; and neglected to secure consent of defendant company to said insurance; that defendant did not waive the provision of its policy prohibiting other insurance, and did not consent that said provision of its policy be abrogated.  Wherefore it says that Clara E. Agner and Catherine Boland each failed to comply with the terms of the policy, and that by reason of the foregoing the policy is void.

The third defense disputes and denies the amount of the loss; pleads that by the terms of its policy it is not liable for a greater proportion of the loss than the amount of its insurance bears to the whole insurance on the property; that the property was insured by the Washington Insurance Company in the sum of $1,500.  As a fourth defense the defendant company pleads a stipulation of the policy that the same shall be void if the insured fails to make known any fact material to the risk, or conceals or misrepresents in any manner any material fact or circumstance concerning the insurance of the subject thereof, and that all fraud or attempt at fraud by false swearing by the insured touching the insurance, or any matter relating to it, whether before or after the loss, shall forfeit all claims under the policy; that within thirty days after the loss the insured shall render an account under oath of the loss, the actual cash value of the property insured, the amount of loss and when and how the fire originated.

Defendant says that plaintiff did furnish such statement at the request of Catherine Boland in which plaintiff falsely swore concerning this matter, and that plaintiff and Catherine Boland knew that the statement was false, and the same was made by plaintiff to defraud the defendant company; that plaintiff falsely swore as to the amount of insurance on the property at the time the fire, and as to the origin of the fire and plaintiff's knowledge of it.

As a fifth defense the defendant says that the policy stipulated that in case of disagreement concerning the loss the matters in dispute shall be left to appraisers or arbitrators; that the loss is not payable until sixty days after such estimate and sat-

isfactory proof of loss is received by the company; that defend-
ant at once notified plaintiff that said proof was unsatisfactory
and that it did not waive any provision of the policy; that by
the terms of the policy no action is sustainable until these pro-
visions are complied with by the insured, and that plaintiff has
not complied with these conditions.

A general demurrer was filed to the second, third, fourth and
fifth defenses of this answer. This demurrer was overruled as
to the third defense and sustained as to the second, fourth and
fifth defenses. To the first and third defenses of the answer of
said defendant company to her cross-petition Catherine Boland
filed a general denial.

Upon the issues thus tendered by the pleadings and the evi-
dence the case was submitted to a jury, which rendered its
separate verdicts each against the defendant insurance company,
one in favor of Clara E. Agner and one in favor of defendant
Catherine Boland. Upon motion in that behalf and for a new
trial the court set aside the verdict in favor of Clara E. Agner,
and the defendant company thereupon filed its motion to set
aside the verdict in favor of said Catherine Boland and for a
new trial upon the issues raised by its answer and cross-petition
and the answer of defendant company thereto, and the reply
of Catherine Boland to said last named answer. The court over-
ruled said motion and entered its judgment on the verdict ren-
dered by the jury against defendant insurance company and in
favor of Catherine Boland.

The defendant insurance company seeks to reverse this judg-
ment and finding of the common pleas court assigning as its
causes that—

1. The court erred in overruling defendant's motion for a
new trial.

2. That the court erred in sustaining the demurrer of Cath-
erine Boland to the second, fourth and fifth defenses in the
answer of the defendant to the amended cross-petition of Cath-
erine Boland.

3. Erred in the charge to jury.

4. Erred in refusing to charge as requested.

5.  That the court erred in rendering judgment in favor of Catherine Boland against defendant insurance company, and in not rendering judgment in favor of said defendant insurance company and against said Catherine Boland.

6.  And for other errors appearing upon the face of the record.

The motion for a new trial urges that in addition to the specific charges in the petition in error:

1.  That the verdict is against the weight of the evidence.

2.  That the verdict is excessive.

3.  Error in overruling the defendant's motion to direct the verdict for defendant against Catherine Boland.

4.  Error in refusing to submit to the jury certain interrogations requested by defendant.

5.  Error ·in the admission of evidence over defendant's objection and in requesting evidence offered by defendant.

Addressing these various complaints to the case submitted to the jury (on the issues tendered by the pleadings) after action of the court upon the demurrer of Catherine Boland to the answer of defendant to her cross-petition, the record exhibits no error which warrants a reversal of the judgment.  This being true, the assignment left for consideration goes to the demurrer and the judgment of the court sustaining the same as to the second, fourth ·and fifth defenses.  The second defense is a direct attack upon the validity of the policy, claiming that no contract of insurance was effected between the defendant Clara E. Agner, the owner of the property, and the mortgagor in the mortgage of Catherine Boland, and that because of this the mortgage·clause in the policy for the benefit of Catherine Boland's mortgage interest in the property was without foundation and never caused a valid obligation of the defendant insurance company.  The mortgagee intended to be insured.  It was her contract with the mortgagor that her mortgaged interest should be insured, not by a void insurance policy, but by a valid insurance policy, by a valid contract of insurance.  The defendant company intended to insure the mortgagee, not by mere pretense, but validly; not by an agreement that merely seemed upon its fact to afford protection to

the mortgagee, but by a contract which in good faith and in fact did protect and was an insurance of her mortgage interest. This was in all respects the intention of all parties, and all this defendant might and does concede to be true, and that such insurance between plaintiff and defendant; and were it not fur-issued its policy of insurance there was other insurance on the property protecting the mortgagee as well as the plaintiff, and which fact prevented the conclusion of a valid contract of insurance between plaintiff and defendant, and were it not fur-ther for the false representations and concealments concerning this last named policy and the existence of it, by the plaintiff, the mortgagor, who obtained this influence in controversy, and the further fraudulent and false representations and conceal-ments of plaintiff concerning the value of the property, the amount of loss, the cause of the fire, and other matter vital to the obligation of defendant to the plaintiff on the policy, and these are pleaded in defense to the claim of the mortgagee.

These facts of the plaintiff who obtained the policy and to whom the policy was issued and these failures and defaults of the plaintiff to act, as the policy stipulated she should. act, in order that the contract be a valid contract between the plaintiff and the defendant company, are interposed in excuse of the obligation of the defendant company to the mortgagee. These defenses as against a general demurrer of the mortgagee the court held not to be available, and that the vice pleaded which rendered the contract as between the assured, the mortgagor and the defendant company to be fraudulently concealed and void, is not fatal to the claim of the mortgagee under the con-tract of insurance with said company.

It is written in this policy "that if with the consent of this company an interest in this policy shall exist in favor of the mortgagee or in favor of an interest other than the interest of the assured, the condition .hereinbefore contained shall apply, in manner expressed in said provision of insurance relating to such interest, as shall be written upon, attached or appended hereto."

So it would seem that the conditions and provisions relating to the insurance and protection of the mortgagee's interest, if

in conflict with the provisions and conditions "hereinbefore written" concerning the interest of the assured, then the provisions and conditions of the policy which are applicable to the contract as between the assured and defendant company, must give way and must be applied to the contract and cut such figure in it as are expressed in the provision relating to such interest as shall be written upon, attached or appended to the policy.

So that whether the contract of insurance concerning the interest of the mortgagee be conceived with the policy and concurrent with it, and written upon it, or whether it be a contract made after the policy issued, and attached or appended to the policy, the provisions of said contract relating to such interest, which is not the interest of the assured described in the policy, shall control, and when the general conditions and provisions of the policy are applied to the contract of insurance which insures the interest that is not the interest of the assured. Wherefore it would seem that by the very terms of the policy the contract insuring the interest of the mortgagee is recognized and treated and made as a contract of insurance between the insurance company and the mortgagee separate, distinct and apart from the contract which insures the interest of the assured. and such has been the interpretation of the courts in cases to be found in the very excellent briefs of counsel on both sides of this case.

By the terms of the contract of insurance between the mortgagee and the defendant company it is stipulated "that terms of policy as to the interest of the mortgagee shall not be affected or invalidated by any act or neglect of the mortgagor, the applicant for insurance."

It is claimed by the defendant company that this stipulation refers only to acts and omissions of the assured after a policy has issued which in its inception afforded valid protection to the interest of the mortgagor, the assured, and that if the policy was void at its inception as to the mortgagor and her interest, then that the vice did not destroy a contract that was once efficient, but prevented any valid obligation because of the policy, not only as between the mortgagor and the defendant company, but also as between the mortgagee and the defendant com-

pany, and that no contractual relations arose from the policy or were evidenced by it, or by any of its stipulations or by any stipulation that might be written on it, or attached or appended concerning any interest in the property described in the policy which was not the interest of the mortgagor, the assured, and all this because the acts of the assured, or the omission of the assured to act in matters leading to the contract relating to her and her interests, make it not a valid obligation at any time in her behalf.

It is not claimed in the answer that Catherine Boland was an applicant in plaintiff's behalf for insurance upon the interest applicant for this policy or in any way concerned herself as an of the mortgagor. She made no representation which induced such insurance, and concealed no fact that, from her relation to the mortgagor and the defendant company concerning the interest of the mortgagor, the assured, she was called upon or under obligation to reveal.

There was no act which the mortgagor, the applicant, was called upon to perform and which she, the applicant, omitted or neglected to perform concerning her, the applicant's, interest which it was the duty of Catherine Boland to perform. There was no fact connected with the interest of the applicant, the assured, in the property described in the policy and material to the applicant's risk which she, the mortgagee, in her relation as mortgagee was required to make known to the defendant company, and there is no allegation here in this behalf. So that no act on her part and no duty unperformed by her made void, or tended to make void the contract of insurance between the plaintiff, Clara E. Agner, the mortgagor, and the defendant company; and any attack which the company might or could make upon the policy as it related to the mortgagor, could not by commission or omission forfeit the rights of the mortgagee, who held no right in the insurable interest of the mortgagor or concerning it.

The defendant company contemplated the possibility of concealment and fraud by the applicant, the mortgagor, in obtaining her insurance and of concealment and falsehood concerning the property, the fire, the loss and otherwise, and discounted all

this by proper provisions in its policy as to its liability in such event to the mortgagor under the policy, and it stipulated with the mortgagee that it would receive the premium from the mortgagor, applying the condition of the policy in which it provided against all these acts and omissions and concealments of the mortgagor, so as not to affect or make invalid its obligations to the mortgagee; and to make itself safe on its liability thus assumed in case of loss, it stepped into the shoes of the mortgagee, and by its contract became and was subrogated to all the rights, liens, claims, security and indemnity of whatever character that the mortgagee had or could have concerning her interest in the property described in the policy, which so far as appears to the contrary would include the indemnity, if any, afforded by the policy of the Washington Insurance Company of Cincinnati, as well as all else by which her mortgage interest was in anyways protected.

It would not appear that Clara E. Agner, the applicant for the policy, the person to whom it was issued, in whose favor it purported to insure an interest to which Catherine Boland was a stranger, could either make or destroy the contract between defendant company and the mortgagee, any more than could the mortgagee by her act or omission make or destroy the contract between defendant company and the mortgagor.

That the contract of insurance between defendant company and mortgagee was made at the request of the mortgagor, we consider of no importance here. It was not a request that defendant company perform some duty or act, or create or assume some obligation which the mortgagee owed to any one. It was requested that the defendant perform a duty and comply with and carry out an obligation which the mortgagor, the applicant for the policy, owed to the mortgagee, Catherine Boland, so that the relation of principal and agent, as between the mortgagor and mortgagee could in no aspect of this controversy arise.

We are of the opinion that the common pleas did not err in sustaining the demurrer to the second, fourth and fifth defenses of the answer of defendant company to the cross-petition of Catherine Boland, and finding no error in the record to the

prejudice of plaintiff in error, we must affirm the judgment. The costs are adjudged against the plaintiff in error. Execution is awarded and the case is remanded for execution.

*J. W. Mooney,* for plaintiff in error.

*Joseph P. Hanley,* for defendants in error.